UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 24, 2013

LETTER TO COUNSEL:

  RE: *Howard Avon Oram, Jr. v. Commissioner, Social Security Administration*;
    Civil No. SAG-12-2443

Dear Counsel:

  On August 16, 2012, the Plaintiff, Howard Avon Oram, Jr., petitioned this Court to review the Social Security Administration's final decision to deny his claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Oram's response to the Commissioner's motion. (ECF Nos. 14, 16, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

  Mr. Oram filed his claim on January 20, 2010. (Tr. 130-41). He alleged that he became disabled on March 13, 2008, but later amended that date to January 1, 2010. (Tr. 137, 30-31). His claim was denied initially on January 26, 2010, and on reconsideration on May 26, 2011. (Tr. 58-64, 66-69). A hearing was held on April 16, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 26-51). Following the hearing, on May 8, 2012, the ALJ determined that Mr. Oram was not disabled. (Tr. 5-20). The Appeals Council denied Mr. Oram's request for review (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

  The ALJ found that Mr. Oram suffered from several severe impairments, including depression/bipolar disorder, anxiety, history of polysubstance abuse, history of chest wall abnormality and obesity. (Tr. 10). Despite these impairments, the ALJ determined that Mr. Oram retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to work with simple, routine, repetitive tasks, and he requires a low stress job defined as having only occasional decision making and occasional changes in the work setting. Furthermore, he can have only occasional interaction with the public, coworkers and supervisors.

(Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Oram can perform jobs that exist in significant numbers in the national economy, and that he is therefore not disabled. (Tr. 19-20).

Mr. Oram presents two arguments on appeal. He contends that the ALJ failed to give proper weight to Dr. Romanoski's opinions and failed to consider Mr. Martin's opinion. Each argument lacks merit.

First, Mr. Oram argues that the ALJ improperly assigned little weight to the opinions of Dr. Romanoski. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ provided several reasons for assigning little weight to Dr. Romanoski's opinions. First, the ALJ noted that Dr. Romanoski's opinions were inconsistent with the psychiatric treatment notes, which did not show any evidence of psychosis. (Tr. 12). The ALJ further noted that mental status examinations were generally within normal limits despite Mr. Oram's depressed mood. *Id.* Third, the ALJ highlighted Dr. Romanoski's opinion that Mr. Oram could not work starting in March 2008, which was more than two years prior to Dr. Romanoski's first examination of Mr. Oram. (Tr. 17). Therefore, the ALJ found that Dr. Romanoski's opinions were based largely on Mr. Oram's subjective complaints. (Tr. 18). The ALJ assigned little weight to Mr. Oram's complaints because Mr. Oram's "own report of symptoms that are inconsistently more severe than the claimant's own reports to his therapist over the course of many treatment sessions." *Id.* The ALJ also noted that the therapist notes "document generalized complaints of financial struggles causing anxiety, with no record of psychosis or side effects from prescribed medications." (Tr. 18).

Mr. Oram further argues that the ALJ failed to explain how the therapist's notes were inconsistent with Dr. Romanoski's opinions. Pl. Mot. 9-10. However, the ALJ highlighted the therapist's statement that Mr. Oram's "increased irritability may be due to psychosocial stressors," and may not be "illness related." (Tr. 18, 405). In addition, the ALJ noted that Mr. Oram complained of panic attacks lasting for one hour two times per week, and explained that the "therapy treatment notes do not support that level of duration or frequency, and rather indicate that his panic and anxiety are directly resulting from worry over finances and home foreclosure." (Tr. 18). To that end, the ALJ noted that Mr. Oram's mood improved when he heard that the hearing date for his claims was set. (Tr. 16). The ALJ also assigned great weight to the opinions of Dr. Shapiro, who found that Mr. Oram would function best in "settings with limited social contact, where he can perform simple tasks independently." (Tr. 362). Critically, Dr. Shapiro noted Mr. Oram's participation in outpatient treatment, clearly indicating that he reviewed and considered the records relating to that treatment. *See id.* Therefore, the ALJ explained and supported her assignment of little weight to Dr. Romanoski's opinions with substantial evidence.

Mr. Oram next argues that the ALJ failed to properly consider the opinion of Peter Martin, LCPC, Pl. Mot. 11, who found that Mr. Oram was disabled. (Tr. 364). As conceded by Mr. Oram, Mr. Martin is not an acceptable medical source. More importantly, Mr. Oram inexplicably argues that the ALJ failed to consider Mr. Martin's opinion, despite the fact that this opinion was co-signed by Dr. Romanoski, and was clearly discussed at great length by the ALJ. (Tr. 17-18). As explained more thoroughly above, the ALJ fully explained her assignment of little weight to Dr. Romanoski's opinion, and this assignment is supported by substantial

*Howard Avon Oram, Jr. v. Commissioner, Social Security Administration*;
Civil No. SAG-12-2443
June 24, 2013
Page 3

evidence. Accordingly, the ALJ did not fail to properly consider Mr. Martin's opinion.[1]

Lastly, Mr. Oram argues that the ALJ erred by stating that he suffered no side effects from his medications. Mr. Oram highlights, and this Court finds, only one mention of daytime fatigue as a side effect of his medications (Tr. 396).[2] There is no indication that these side effects persisted, or that they had any impact on his ability to work. In addition, Mr. Oram was also asked about side effects at his hearing, and only stated that his hands shake at times. (Tr. 34). Therefore, the ALJ's statement that Mr. Oram did not suffer side effects that impact his ability to work is consistent with the record as a whole.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] The ALJ also cited and discussed Mr. Martin's treatment notes throughout her opinion.

[2] There are also notes indicating that Mr. Oram's sexual interest decreased as a result of taking Zoloft (Tr. 261), but this has no impact on his ability to work.